UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| JAMES ODELL BAXTER II, | :   CR. NO.: 03-516 (RJL) |
| JAMES A. GOOSBY, JR., | : |
| GWENDOLYN M. HEMPHILL, | : |
| ROBIN KLEIN, | : |
| | : |
| Defendants. | : |

**GOVERNMENT'S TRIAL MEMORANDUM REGARDING JURY SELECTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following memorandum of law regarding jury selection and pretrial publicity.

Introduction

As this Court is aware, the Sixth Amendment right to an impartial jury "does not require that the jurors be totally ignorant of the facts and issues involved." United States v. Edmond, 52 F.3d 1080, 1094 (D.C. Cir. 1995) (quoting Irvin v. Dowd, 366 U.S. 717 (1961)); see also United States v. Childress, 58 F.3d 693, 706 (D.C. Cir. 1995)(per curiam) (because the court conducted a thorough voir dire, no jury prejudice occurred where 27 venire persons were exposed to media coverage and 38 articles were written about the case). An individual who is familiar with the allegations in a criminal case may nevertheless serve as a juror if he can "lay aside his impression or opinion and render a verdict based on the evidence presented in court." Edmond, 52 F.3d at 1094. Thus, mere familiarity with the Washington Teachers' Union investigation or other matters relating to this case

is neither a disqualification from jury service nor a basis for a juror to be stricken for cause. Simply put, juror fairness is not predicated on juror ignorance. See United States v. Haldeman, 559 F.2d 31, 60 (D.C. Cir. 1976) (en banc).

## Discussion

District of Columbia courts enjoy a long history of seating juries in criminal cases in the face of intense media scrutiny. For examples, this Court need look no further than *United States v. John Hinckley* (prosecution of would-be assassin in the televised attempted murder of the President of the United States); *United States v. Oliver L. North* (prosecution of a principal in the Iran-Contra affair, who had spent days testifying before Congress on national television); *United States v. Lynn Nofziger* (prosecution of President Reagan's White House communications director); *United States v. Rayful Edmond* (prosecution of violent drug kingpin and cartel at height of crack cocaine epidemic); *United States v. H.R. Haldeman* (prosecution of former White House chief-of-staff during Watergate affair); *United States v. G. Gordon Liddy* (prosecution of the coordinator of the Watergate burglars); and *United States v. Marion Barry* (prosecution of the Mayor of Washington, D.C., who was acquitted of most charges after a videotape showing him smoking crack cocaine was broadcast repeatedly on television). As long as the District of Columbia remains the nation's capital, its courts will preside successfully over cases that attract intense local and national media attention.[1]

The questions to be asked of prospective jurors in the draft written questionnaire in this case, followed by individual voir dire of those who have been exposed to pretrial publicity, more than

---

[1] The issue for this Court is not whether publicity causes the community to remember the case, but rather, whether the publicity has given jurors such fixed opinions about these defendants that they cannot judge the defendants' guilt impartially. See Patton v. Yount, 467 U.S. 1025, 1035 (1984).

adequately conform to the procedures specifically approved by the D.C. Circuit.  See United States v. Caldwell, 543 F.2d 1333, 1345 (D.C. Cir. 1974); United States v. Bryant, 471 F.2d 1040, 1043-45 (D.C. Cir. 1973).  Accordingly, this Court's anticipated voir dire is not subject to the criticism leveled by the Circuit at the procedures used in Edmond.  In Edmond, the trial court's written questionnaire failed to ask prospective jurors whether they had learned of any of the allegations or defendants through pretrial publicity.  The court assumed that everyone in the venire had been exposed to pretrial publicity and followed up by asking simply whether, "notwithstanding their presumed exposure to such publicity, they could render a verdict based solely on the evidence adduced at trial."  Edmond, 52 F.3d at 1097.

Despite the truncated nature of the inquiry in Edmond, the D.C. Circuit affirmed the trial court's jury selection procedures.  In contrast to the limited inquiry in Edmond, the preliminary questionnaire being drafted in this case elicits detailed information about whether the prospective juror has heard anything about this case, as well as what the juror has heard and from what sources.  And those jurors who answer the questions in the affirmative will be subject to individual follow-up.

In individual voir dire, this Court is entitled to the broadest discretion "to mold the manner and mode" of examination.  United States v. Liddy, 509 F.2d 428, 434-35 (D.C. Cir. 1974).  Upon determining a prospective juror's "degree of interest in and exposure to the case," the Court may rely upon the juror's answer that despite the exposure, he or she has not "formed or expressed an opinion of the guilt or innocence of any defendant."  Haldeman, 559 F.2d at 66.  Even if a prospective juror has formed an opinion, the Court may probe whether that opinion is "firmly held or could be set aside."  Id.  Although "*merely* going through the form of obtaining jurors' assurances of impartiality is insufficient,"  Silverthorne v. United States, 400 F.2d 627, 638-39 (9th Cir. 1968) (emphasis

3

added), quoted in Caldwell, 543 F.2d at 1346, n. 48, the Court need assure itself only that, despite the juror's pretrial opinion, he or she will honestly try to be fair and impartial. Accord United States v. Gabriel, 365 F.3d 29, 31 (D.C. Cir. 2004)("the clear expression of [an ]intent to try [to be fair and impartial], credited by the judge," is sufficient to deny a challenge for cause), sentence vacated in light of Booker, 125 S. Ct. 1024 (2005). For this reason, a juror who is a teacher or a member of some labor union (but not a District of Columbia public school teacher and not a member of the Washington Teachers' Union) should not be subject to disqualification from service or a "for cause" strike if he or she manifests an intention to make best efforts to render a verdict based solely on the evidence and the law.

Where, as here, the Court intends to utilize an extensive questionnaire regarding the prospective juror's exposure to pretrial publicity, followed by individual voir dire to observe the juror's demeanor, there can be no accusation that the acceptance of a juror's own assessment of impartiality is too perfunctory. See Haldeman, 559 F.2d at 67 (no error in the denial of a defense challenge for cause where the court had not only the jurors' subjective assurances of a capacity to set aside prior opinions, but also objective information relating to how closely they had followed the Watergate controversy, their sources of information, ample opportunity to observe demeanor, and ability to assess candor).

<u>Conclusion</u>

Accordingly, the manner in which the Court intends to handle voir dire regarding pretrial publicity in this case not only is within its discretion, but has been explicitly approved by the D.C. Circuit.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN
                              United States Attorney
                              D.C. Bar Number 451058


BY: _____
        JEANNIE S. RHEE
        D.C. Bar Number 464127
        JAMES W. COOPER
        D.C. Bar Number 421169
        ANTHONY M. ALEXIS
        D.C. Bar Number 384545
        FRAUD & PUBLIC CORRUPTION SECTION
        ASSISTANT UNITED STATES ATTORNEYS

DATED: May 16, 2005