UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) ) ) ) |
| v. | ) Criminal Case No. 03-516 (RJL) ) |
| JAMES ODELL BAXTER, II, | ) ) ) |
| Petitioner. | ) |

MEMORANDUM ORDER
(August 28, 2012) [Dkt. ##391, 422, 433]

Petitioner, James Odell Baxter, II, was indicted on November 20, 2003, Indictment [Dkt. #1], and, following a twelve-week jury trial before this Court, was found guilty of twenty-three counts of the indictment on August 31, 2005, Verdict Form [Dkt. #183]. On June 5, 2006, this Court sentenced Baxter to 120 months imprisonment. J. & Commitment Order [Dkt. #308]. On January 11, 2010, following his appeal, petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence ("Mot. to Vacate") [Dkt. #391] pursuant to 28 U.S.C. § 2255,[1] claiming ineffective assistance of counsel, Supplement to Mot. to Vacate, Feb. 3, 2010 ("Supp. Mot.") [Dkt. #393] at 15-40; Supplement to Mot. to Vacate, Jan. 23, 2011 ("2d Supp. Mot.") [Dkt. #404] at 12-18, and

---

[1] Petitioner filed supplements to this motion on February 3, 2010 [Dkt. #393] and January 23, 2011 [Dkt. #404], and replied to the government's opposition on February 12, 2012 [Dkt. #430].

violations of his Fifth Amendment rights,[2] Supp. Mot. at 40-41; 2d Supp. Mot. at 18-25. Having presided over petitioner's trial and sentencing, this Court is intimately familiar with the facts and history of the case. Based on this knowledge, the parties' briefs, and the entire record herein, petitioner's motion is DENIED. *See United States v. Toms*, 396 F.3d 427, 437 (D.C. Cir. 2005) (upholding trial court's denial of petitioner's § 2255 claim premised on ineffective assistance of counsel and *Brady* violations and holding that, "[w]hen the judge deciding the section 2255 motion also presided at petitioner's trial, the court's decision not to hold a hearing is generally respected as a sound exercise of discretion." (citations and internal quotation marks omitted)).

Accordingly, it is hereby

**ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Dkt. #391], as supplemented, is **DENIED**; and it is further

**ORDERED** that the Government's Motion for an Order Finding Waiver of Attorney-Client Privilege and Motion to Compel Production of Records [Dkt. #422] is **DENIED** as moot; and it is further

---

[2] In particular, petitioner claims, inter alia, that (1) his convictions for certain fraud offenses are unconstitutional because the Supreme Court decision in *Skilling v. United States*, 130 S. Ct. 2896 (2010), decriminalized fraud charges for deprivation of honest services not involving bribery or kickbacks, 2d Supp. Mot. at 18-22; and (2) he is "actually innocent" of the money laundering charges based on our Circuit's decision in *United States v. Adefehinti*, 510 F.3d 319 (D.C. Cir. 2007), 2d Supp. Mot. at 23. In addition, petitioner challenges the alleged prosecutorial failure to disclose material evidence favorable to the petitioner pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Supp. Mot at 40-41; 2d Supp. Mot. at 23-25.

**ORDERED** that petitioner's Motion for Bail Pending Determination of Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Dkt. #433] is **DENIED** as moot.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge